UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          Case No. 6:09-bk-06245-KSJ

KA AND KM DEVELOPMENT, INC.,

    Debtor.
_____/

**MOTION OF THE OFFICIAL UNSECURED CREDITORS COMMITTEE
PURSUANT TO 11 U.S.C. §§105(a), 1102(b)(3)(A) and 1103(c), FOR ORDER
APPROVING NOTICE PROCEDURES AND FOR PROTECTIVE ORDER,
_NUNC PRO TUNC_ TO COMMITTEE APPOINTMENT**

The Official Committee of Unsecured Creditors (the "Committee") of KA and KM Development Inc. (the "Debtor"), by and through their undersigned counsel, moves this Court, pursuant to 11 U.S.C. §§105(a), 1102(b)(3) and 1103(c) of the United States Bankruptcy Code, (i) for an order approving notice procedures to provide creditors access to information and to solicit and receive comments from creditors, and (ii) for a protective order with respect to confidential information. In support of this motion (the "Motion"), the Committee states as follows:

**JURISDICTION**

1.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief requested herein are 11 U.S.C. §§105(a), 1102 and 1103 of the United States Bankruptcy Code.

**BACKGROUND**

2.     On May 6, 2009, the Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code.

3. No trustee or examiner has been appointed in this case. The Debtor is continuing in possession of its respective property and is operating and managing its business, as a Debtor-in-Possession, pursuant to 11 U.S.C. §§1107 and 1108 of the Bankruptcy Code.

4. On June 26, 2009, the United States Trustee issued its *Notice of Appointment of Creditor's Committee* (DE# 67).

### RELIEF REQUESTED

5. Pursuant to 11 U.S.C. §1103, the Committee is authorized, among other things, to consult with the Debtor, investigate the Debtor, participate in the formulation of a plan and perform such other services as are in the interest of those represented. In addition, as part of the Committee's duties, pursuant to 11 U.S.C. §1102(b)(3), the Committee is required to provide creditors access to information and solicit and receive comments from creditors represented by the Committee.

6. By this Motion, the Committee seeks entry of an order, *nunc pro tunc* to June 26, 2009, the date of the Committee's appointment, approving notice procedures for providing creditors access to information and soliciting and receiving information from creditors to satisfy the requirements of 11 U.S.C. §1102(b)(3) of the Bankruptcy Code.

7. Specifically, to fulfill its duties set forth in §§1103(b)(3)(A) and 1103(b)(3)(B), the Committee proposes the following notice procedure (the "Notice Procedure"):

(a) The Committee will send to all creditors included on the Debtor's all creditor mailing matrix a notice of how to get access to information (the "Notice").

(b) The Notice will, *inter alia*, (i) inform all creditors of their right to seek from the Committee information about the Debtor's case and (ii) provide all creditors the opportunity to receive from the Committee periodic updates detailing developments in the Debtor's case by furnishing to the Committee a web site address at which to receive such updates.

(c) The Committee shall post Committee Reports on a case website maintained by Committee Counsel at www.broadandcassel.com. The Committee shall, until the earliest to occur of, (i) dissolution of the Committee, (ii) dismissal or conversion of the Debtor's Chapter 11 case, or (iii) a further order of the Court, prepare and provide periodic reports as is appropriate under the circumstances to holders of unsecured claims that provide, without limitation to holders of claims described in 11 U.S.C. §1102(b)(3) of the Code (the "Committee Reports") that provide, without limit:

(i) general information concerning the Debtor's case;

(ii) press releases (if any) issued by the Committee and the Debtor, and any relevant new articles of interest regarding the Debtor's Chapter 11 case;

(iii) answers to frequently asked questions, discussing, among other things, the role of the Committee, the responsibility of the Committee members, and the filing of a proof of claim;

(iv) information concerning pleadings filed by the Committee in this case;

(v) information concerning recent docket filings in the case;

(vi) an e-mail address to which unsecured creditors may deliver comments and questions about the case; and

(vii) any other information to be posted at the direction of the Court or in the discretion of the Committee or its counsel.

8. In addition, to aid the Committee in performing its statutory functions, the Committee also seeks a protective order to ensure that confidential, privileged, and/or proprietary information, or any other information the release of which would be harmful to the Debtor's estate, will not be disseminated to the detriments of the Debtor's estate.

## BASIS FOR RELIEF REQUESTED

**A.**  **Statute Requires Undefined "Access to Information" and "Comments"**

9. On April 20, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA") was enacted into law. The majority of provisions in the BAPCPA became effective on October 17, 2005, 180 days after the date of enactment.

10. 11 U.S.C. §1102 of the Bankruptcy Code governs the appointment of statutory creditors' and equity security holders' committees. *See* 11 U.S.C. §1102(a). Among the myriad amendments and additions made to the Bankruptcy Code, a new provision, 11 U.S.C. §1102(b)(3), was added to the Bankruptcy Code and provides as follows:

> A committee appointed under subsection (1) shall –
>
>     (A)    provide access to information for creditors who –
>
>         (i)    hold claims of the kind represented by that committee; and
>
>         (iii)    are not appointed to the committee.
>
>     (B)    solicit and receive comments from the creditors described in subparagraph (A); and

(C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989) (*quoting Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare case [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters … the intention of the drafters, rather than the strict language, controls." *Id.* at 242-43 (*citing Griffin v. Oceanic Contractors, Inc.,* 457 U.S. 564 (1982) (internal quotations omitted)).

12. The Committee respectfully submits that 11 U.S.C. §§1102(b)(3(A) and 1102(b)(3)(B) are unclear and ambiguous. The statutes simply require a committee "to provide access to information" and "solicit and receive comments from the creditors," yet set forth no guidelines as to the type, kind and extent of the information to be provided, the method of dissemination, or the comments to be solicited.

13. The legislative history does not provide any further guidance and merely reiterates the language of 11 U.S.C. §1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005)("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.")

14. Given the ability to share information electronically, the drafters of §1102(b)(3) likely intended this provision to mean that a committee's constituency should have easier access to relevant information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case.

Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor. If this had been the intention, §1102(b)(3) would then frustrate numerous provisions of the Bankruptcy Code, including the plenary authority to obtain information and act in a fiduciary capacity pursuant to §1103(c) of the Bankruptcy Code.

15. Absent clarification, a statutory committee's efforts may be frustrated because debtors will be reluctant to share confidential, sensitive financial and strategic information with a committee – the exact information a committee needs and typically receives to assist it in the discharge of its fiduciary obligations (as defined in footnote 1 below, "Confidential Information").[1] In addition, committees will be reluctant to pursue and investigation of potential targets of litigation on behalf of a debtor's estate, and to develop their own analyses of estate assets. Absent relief of the kind sought herein, debtors will undoubtedly be concerned that information shared with the statutory fiduciary may be shared with the public, including competitors and interested acquirers. Similarly, committees will be concerned that the fruits of their own investigation may be disseminated to inappropriate parties. In turn, these concerns will impede the statutory committee's own efforts to obtain information, which will undermine the committee's

---

[1] For purposes of this Motion, the term "Confidential Information") shall mean any nonpublic information of the Debtor, including, without limitation, information concerning the Debtor's assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtor or their advisors or other agents, which is furnished, disclosed, or made known to the Committee, whether intentionally or unintentionally and in any manner, including in written form, orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Committee should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtor or (ii) was in

ability to maximize creditor recoveries. Certainly, the drafters could not have intended §1102(b)(3) to hinder the Committee's authority under §1103(c) of the Bankruptcy Code. These statutes must be harmonized consistently with the overall purposes of chapter 11.

16. The Committee submits the approval of the Notice Procedure will effectively allow it to fulfill its obligations under both §1102(b)(3) and §1103(c).

**B.   Creditors' Committees Rights and Powers and Need for Protective Order**

17. 11 U.S.C. §1103 of the United States Bankruptcy Code sets forth the rights and powers of a committee. Those rights and powers include "consult[ing] with the . . . debtor-in-possession concerning the administration of the cases" (11 U.S.C. §1103(c)(1)) and "investigat[ing] the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan" (11 U.S.C. §1103(c)(2)).

18. In order to assist a statutory committee with faithfully performing its function – which includes evaluating a debtor's business plan and reorganization strategy – debtors will provide committees with confidential information. *See 7 Collier on Bankruptcy* 1103.05 [2][a], at 1103-29 & 29 (KING, 15th ed. Rev. 2005). In that regard, debtors often condition the dissemination of such information on each committee member (and, in certain instances, committee professionals) agreeing to maintain such information in confidence.

---

the possession of the Committee prior to its disclosure by the Debtor and is not subject to any other duty or obligation to maintain confidentiality.

19. 11 U.S.C. §1102(b)(3)(A), however, provides no guidance on the extent to which a committee is obligated to provide confidential, proprietary or material non-public information to its constituency.

20. In this case, the Debtor may be reluctant to share with the Committee any confidential or proprietary information based upon its legitimate concern that the Committee will be required to provide unfettered access to such information to its constituency. Sharing such information without limitations may be detrimental to the Debtor's business and ability to maximize value.

21. By way of example, the Committee's provision to its constituents of unfettered access to information could impact the attorney-client and work product privileges between the Committee and their counsel or other agents. *Cf. In re Baldwin-United Corp., D.H.,* 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of attorney-client privilege). This is particularly relevant given the Committee's crucial investigative powers and the likelihood that the Committee will be gathering information relevant to potential causes of action of the estates.

22. Accordingly, the Committee seeks a protective order to ensure that Confidential Information, privileged, and/or proprietary information, or any other information the release of which would be harmful to the Debtor's estate, will not be disseminated to the detriment of the Debtor's estate.

C. **Court's Inherent Power**

23. The Committee is seeking an order from this Court confirming that the Committee is not authorized or required to provide access to the Debtor's Confidential Information or to privileged information pursuant to 11 U.S.C. §1102(b)(3)(A) of the Bankruptcy Code to any creditor that the Committee represents. Such relief not only will maximize the value of the estate, but will also protect the Committee by making clear that it is not violating the Bankruptcy Code by refusing to provide such information to creditors.

24. Under 11 U.S.C. §105(a) of the Bankruptcy Code, the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee believes the relief requested herein is necessary for the Committee to fulfill its statutory function as contemplated by 11 U.S.C. §1103(c) of the Bankruptcy Code.

25. The relief requested herein is appropriate and well within the authority of this Court. As §1102(b)(3)(A) of the Bankruptcy Code might otherwise have a substantial "chilling effect" on information the Debtor may be willing to share with the Committee, or on the Committee's development of independent analyses, it cannot be seriously questioned that the relief requested herein is "necessary and appropriate to carry out the provisions of [the Bankruptcy Code]" pursuant to §105(a) of the Bankruptcy Code.

## **NOTICE**

26. The Committee served this Motion upon: (a) the Debtor, (b) the Office of the United States Trustee, (c) the list of 20 largest unsecured creditors as filed by the Debtor under Rule 1007(d) of the Federal Rules of Bankruptcy Procedure, (d) the

Committee via email addresses and (e) all parties who receive CM/ECF noticing in this case. The Committee submits that, under the circumstances, no other and further notice is required.

## **CONCLUSION**

WHEREFORE, the Committee requests that the Court enter an order, granting the Motion *nunc pro tunc* to June 26, 2009, and awarding such other and further relief as may be just and equitable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either CM/ECF noticing to Attorney for Debtor: **Elizabeth A. Green, Esquire**, Latham Shuker Eden & Beaudine LLP, 390 N. Orange Avenue, Suite 600, Orlando, FL 32801; Debtor: **KA and KM Development, Inc.**, 8865 Commodity Circle, Suite 14B, Orlando, FL 32819; the **United States Trustee**, 135 W. Central Blvd., Room 620, Orlando, FL 32801; and to all parties listed on the **Unsecured Creditors Committee** and the **Local Rule 1007-2** matrices this 21st day of August, 2009.

> BROAD AND CASSEL
> Proposed Attorneys for the Official
>  Unsecured Creditors Committee
> 390 North Orange Avenue
> Suite 1400
> Orlando, Florida  32801
> PO Box 4961 (32802-4961)
> Phone: (407) 839-4200
>
> By:      */s/ Roy S. Kobert*
>     Roy S. Kobert, P.A.
>     Florida Bar #: 777153
>     rkobert@broadandcassel.com

```
Label Matrix for local noticing          Adrienne and Alan Jessop              Andrew Brown
113A-6                                   160 Lower Shelton Road                50 Aldershot Road
Case 6:09-bk-06245-KSJ                   Marston, Moretaine                    Fleet
Middle District of Florida               Bedford, Bedfordshir, UK              Hampshire GU51 3FT, UK
Orlando
Fri Aug 21 15:11:38 EDT 2009

Andrew James Bryant                      Andrew and Lisa Bryant                Canndy Wang
Culver Farm Pennsylvania Ln              Culver Farm Pennsylvania Ln           Room 3905
Tiptree Colchester                       Tiptree, Colchester                   Two Exchange Square
Essex CO5 0UD, UK                        Essex CO5 0UD, UK                     8 Connaught Road
                                                                               Central Hong Kong


Charles Fleming                          Chris and Sarah Oglethorpe            David & Bernadette Futerman
c/o Peter R. McGrath                     17 Cunningham Hill Road               22 The Ridgeway
801 N. Magnolia, Ste. 317                St. Albans                            London N3 2PH, UK
Orlando, FL 32803-3843                   Hertfordshire AL1 5BX, UK


David Bissett                            David and Kevin Bissett               Edward and Nikki Milner
9 Stoneyford Rd                          9 Stoneyford Road                     80 Weston Park
Duleek Co Meath                          Dulerh, Co Meath Duleek               London N8 9TB, UK
IRELAND                                  County Meath
                                         IRELAND

Gary Nicol and Diane Nicol               Ian Charles Matthews/Marie Georgina   Ian Peirce and Freda Peirce
77 Braemar Crescent                      35 Ridgeway                           7 Lake Road
Falkirk, Falkirk                         Wargrave Reading                      Chandlers Ford, Eastleigh
Strilingshire FK2 9HD, UK                Berkshire RG10 8AS UK                 Hants SO53 1E, UK


Josephine  Bernadette Jones              Martin Southgate                      Martin and Wendy Southgate
17 Kingswood Lane                        30 Rosebery Rd                        30 Rosebery Road
Warlingham, Surrey CR6 9AE, UK           Alresford                             Alresford
                                         Hampshire SO24 9HQ, UK                Hampshire SO24 9HQ, UK


Michael Davies                           Philip and Jane Horner                Robert Mann
Apartment 25, Ethos Crt                  9 Westbourne Gardens                  Crossmead, Buttons Ln
City Road                                Southport                             West Wellow, Romsey
Chester CH1 3AT UK                       Merseyside PR8 2EZ, UK                Hampshire SO51 6BR, UK


Robert and Susan Mann                    Stephen & Catherine Russell           Stephenand Gail Graham
Crossmead, Buttons Lane                  45 Reay Avenue                        The Paddock
West Wellow, Romsey                      East Kilbride, Glasgow                Tilston, Malpas
Hampshire SO51 6BR, UK                   Lanarkshire G74 1QT, UK               Cheshire SY14 7DR, UK


SunTrust Bank                            SunTrust Bank                         Teresa & James F Rooney
c/o Denise Dell-Powell                   c/o Michael A Nardella Esq            82 Newry Road
Akerman Senterfitt                       420 S Orange Ave Ste 1200             Mayobridge, Co Down
420 S Orange Ave, Ste 1200               PO Box 231                            NO IRELAND  BT34 2EU
Orlando, FL 32801-4904                   Orlando FL 32802-0231


Title Concepts LLC                       United States Trustee                 End of Label Matrix
c/o L. William Porter III, Esq.          Elena Escamilla Trial Attorney        Mailable recipients    28
P.O. Box 2809                            US Dept of Justice                    Bypassed recipients     0
Orlando FL 32802-2809                    135 W Central Blvd  Suite 620         Total                  28
                                         Orlando  FL 32801-2440
```